IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MORGAN DOUD,<br><br>     Plaintiff,<br><br>vs.<br><br>EVERYDAY AUTO, LLC,<br><br>     Defendant. | CV 22-12-BLG-SPW<br><br><br>ORDER |

Plaintiff Morgan Doud, appearing *pro se*, filed this action against Defendant Everyday Auto, LLC, alleging that Defendant violated § 5 of the Federal Trade Commission Act ("FTCA") by failing to disclose certain defects in the used car Defendant sold Plaintiff. (Doc. 8). The Amended Complaint (Doc. 8) was served on Defendant on July 23, 2022, (Doc. 9), but Defendant has not appeared in this action. Plaintiff now moves for default judgment. (Doc. 10). The Court finds that it does not have subject matter jurisdiction over the claim, so Plaintiff's motion is denied and the case is dismissed.

I.  **Statement of Facts**[1]

---

[1] Since Defendant has not appeared in this case, the Court's Statement of the Facts is based solely on the allegations in Plaintiff's filings.

1

Plaintiff purchased a Range Rover from Defendant, a used car dealer. (*Id.* at 1). Plaintiff alleges that at the time of the sale, Defendant affirmatively represented to Plaintiff that the vehicle had undergone an inspection and all previous problems with the vehicle had been fixed. (*Id.*). To assure Plaintiff, Defendant agreed to refund Plaintiff "if any substantial or significant issues" arose after the purchase. (*Id.*). Plaintiff then paid Defendant $16,800 for the vehicle. (*Id.*).

Two days after Plaintiff purchased the vehicle, Plaintiff braked at a stoplight and a large section of the vehicle "ripped off." (*Id.*). Plaintiff brought the vehicle to a repair shop that specializes in Range Rovers, and the owners told her that someone had covered up the vehicle's defects. (*Id.*). Plaintiff tried to get a refund from Defendant, but Defendant's bank account was overdrafted. (*Id.*). Defendant told Plaintiff that he planned to file for bankruptcy and that she should sue him. (*Id.*).

Plaintiff filed this action to recover the $16,800 she paid Defendant for the vehicle based on his alleged misrepresentations in violation of § 5 of the FTCA, 15 U.S.C. § 45, and its associated regulations. (Doc. 8 at 3-4 (citing 16 C.F.R. § 455 as her claim's jurisdictional basis)). The Amended Complaint (Doc. 8) was served on Defendant on July 20, 2022, (Doc. 9), but Defendant has not appeared.

**II.  Legal Standard**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," the clerk must enter default against that party. Fed. R. Civ. P. 55(a). The Court, upon motion, may then enter default judgment against the party. Fed. R. Civ. P. 55(b)(2).

## III. Analysis

Default judgment is not automatic, and the Court has an affirmative duty to determine if it has subject matter jurisdiction over the claim before entering default. *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12, 20-21 (D.D.C. 2019); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("subject-matter delineations must be policed by the courts on their own initiative even at the highest level."). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction exists when the Court either sits in diversity or is presented with a federal question. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Federal question jurisdiction exists when the matter arises under the Constitution, a federal law, or a treaty of the United States. 28 U.S.C. § 1331. Diversity exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1).

Plaintiff asserts that the Court has federal question jurisdiction because Defendant violated the § 5 of the FTCA and its associated regulations. 15 U.S.C. § 45; 16 C.F.R. § 455. However, the Ninth Circuit has held that § 5 of the FTCA does not provide a private right of action. *Dreisbach v. Murphy*, 658 F.2d 720 (9th Cir. 1981) (Section 5 of the FTCA "rests initial remedial power solely in the Federal Trade Commission."). Plaintiff's claim also does not satisfy diversity jurisdiction because the parties are both from the state of Montana. (Doc. 8 at 1-2). Additionally, the amount in controversy here is $16,800, well below the $75,000 threshold. (Doc. 8 at 4).

Since neither diversity nor federal question jurisdiction exist, the Court does not have subject matter jurisdiction and must dismiss Plaintiff's claim.

## IV. Conclusion

IT IS HEREBY ORDERED that Plaintiff Morgan Doud's Motion for Default Judgment (Doc. 10) is DENIED. IT IS FURTHER ORDERED that the case is DISMISSED for lack of subject matter jurisdiction.

DATED this 17th day of October, 2022.

SUSAN P. WATTERS
United States District Judge

4